IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kristopher W. Berry, #347006, ) | Civil Action No. 2:12-2058-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Warden of Evans Correctional Institution, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

Kristopher W. Berry, an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections, petitions *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 72.02(B)(2)(c) DSC, this matter was referred to the United States Magistrate Judge for all pretrial proceedings.

Berry filed his habeas petition on July 20, 2012.[1] (Dkt. No. 1). The Magistrate Judge issued an Order on August 6, 2012 to direct the Clerk to replace Respondent State of South Carolina with Respondent Warden of Evans Correctional Institution, to note payment of the filing fee, to remind Petitioner of certain format and mailing requirements, and to note that Petitioner receives the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of transfer to prison officials for delivery to the court). (Dkt. No. 5). Also on August 6, 2012, the Magistrate Judge issued a Report and Recommendation that the Petition be dismissed without prejudice and without requiring a return filing from Respondent. (Dkt. No. 6).

---

[1] Petitioner would receive the benefit of the holding of *Houston v. Lack*, 487 U.S. 266 (1988), but this petition was not delivered by petitioner to prison officials. Instead, prisoner's relative filed the petition. (Dkt. No. 1).

Petitioner was advised by the Magistrate Judge of the procedures and requirements for filing objections to the Report and the serious consequences of failing to do so. Petitioner has not timely filed objections to the Report and Recommendation. As explained herein, this Court has reviewed the record and agrees with the Report and Recommendation, and therefore summarily dismisses the petition without prejudice.

## BACKGROUND

Petitioner was convicted July 21, 2011 in Darlington County for criminal solicitation of a minor and sentenced to a five-year term of incarceration. (Dkt. No. 1 at 1). Petitioner states that he appealed his judgment of conviction and is "still awaiting appeal briefing." (*Id.* at 2). Further, he states that a motion for a new trial is pending in state court. (*Id.* at 3-4). The petition also indicates that Petitioner has not filed an application for Post-Conviction Relief, that he has not yet exhausted the state court appeals process, and that he has not yet presented all grounds for relief to the highest state court having jurisdiction. (*Id.* at 2, 12).

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this

2

Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

After reviewing the record, the applicable legal authorities, and the Report and Recommendation of the Magistrate Judge, the Court agrees with and wholly adopts the conclusions of the Magistrate Judge. Petitioner was convicted and sentenced in Darlington County, South Carolina, but has not yet exhausted his state remedies. A petitioner must exhaust state remedies prior to seeking federal habeas relief:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

22 U.S.C. § 2254. Petitioner is a person in custody pursuant to the judgment of a state court and has not yet exhausted his state remedies (*see* Dkt. No. 1) so his application for a writ of habeas corpus shall not be granted. 22 U.S.C. § 2254(b)(1). There is no allegation that the available state process is ineffective or absent. (*See* Dkt. No. 1). Since Petitioner's application is denied, requiring Respondent to file a return would be an unnecessary burden on Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("[A] petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("[T]he District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."). Respondent is not required to file a return.

3

"Our Federalism" is a concept which represents "a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Younger v. Harris*, 401 U.S. 37, 44 (1971). In addition, "federal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'" *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) (*quoting Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984)). For the foregoing reasons, this Court denies the grant of writ of habeas corpus to Petitioner, a person in custody pursuant to the judgment of a state court who has not yet exhausted his available state remedies, because to do otherwise could be an undue federal interference with an ongoing state judicial proceeding that concerns important state interests.

## CONCLUSION

The Court, after a thorough review of the Report and Recommendation of the Magistrate Judge and the relevant case law, finds the Magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court. The Petitioner's application for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED** without prejudice and Respondent is not required to file a Return.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

September 13, 2012
Charleston, South Carolina

5